# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-00683-001-PHX-SPL |
| Plaintiff, | **AMENDED ORDER SETTING FIRM JURY TRIAL AND FINAL PRETRIAL CONFERENCE** |
| v. | |
| Arturo Arias-Flores, | |
| Defendant. | |

Pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure, and the Status Hearing held on February 11, 2026, the Court enters the following Order.

**IT IS ORDERED** that the Fourth Motion to Continue Trial and Extend Pretrial Motions Deadline, (Doc. 31) is GRANTED for reasons stated in Defendant's Motion.

**IT IS FURTHER ORDERED** that the Jury Trial presently set for April 21, 2026, is continued and set for firm Jury Trial to begin on **Tuesday, August 11, 2026, at 9:00 a.m.** Trial will be held on <u>August 11 – August 14, 2026.</u>

This Court specifically finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. This finding is based upon the Court's conclusion that the failure to grant such a continuance would deny the defendant the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

**IT IS FURTHER ORDERED** that if any subpoenas were previously issued and

served in this matter, that they remain in effect and are answerable at the new trial date and the party who served the subpoena should advise the witnesses of the trial date.

The Court finds excludable delay under Title 18 U.S.C. §3161(h)(7)(A) and (B)(iv) from 4/22/2026, to 8/11/2026.

In preparation for the Jury Trial:

## I.    FINAL PRETRIAL CONFERENCE

A Final Pretrial Conference is set for **Tuesday, August 4, 2026 at 9:00 a.m.**, before the Honorable Steven P. Logan, United States District Judge, in Courtroom 501, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Counsel who will be responsible for trial of the lawsuit for each party shall appear and participate in the Final Pretrial Conference. The parties shall bring their calendars in preparation to discuss trial scheduling.[1]

Counsel for each party is directed to confer no less than **fourteen (14) days** prior to the Final Pretrial Conference.

## II.    JOINT PRETRIAL MEMORANDUM

The parties shall *jointly* develop and file with the Clerk of Court a Joint Pretrial Memorandum *no later than* **ten (10) days** before the Final Pretrial Conference. The Joint Pretrial Memorandum shall contain the following in separately numbered paragraphs:

### 1.    Counts

The parties shall list: (1) all counts contained in the indictment (or superseding indictment) that will be tried by jury; (2) all counts, if any, in the indictment (or superseding indictment) that have been dismissed; and (3) all counts, if any, the government intends to move for dismissal prior to trial.

### 2.    Forfeiture Allegation

The parties shall list any forfeiture allegation contained in the indictment (or superseding indictment), whether any forfeiture allegation in the indictment (or

---

[1] Should the Final Pretrial Conference be continued, the deadlines set forth in this Order shall also be continued respectively.

superseding indictment) has been dismissed, or whether the government intends to move to dismiss any forfeiture allegation in the indictment (or superseding indictment) prior to trial. The parties shall also state, where applicable, the status of any pending related civil forfeiture proceeding. The parties shall further state, where applicable, whether the issue of forfeiture shall be determined by jury verdict or by the Court if a guilty verdict is found by the jury.

**3.    Notices**

The parties shall list all Notices of the Government's Intent to Use Evidence.

**4.    Motions in Limine**

The parties shall list all pending Motions in Limine.

**5.    Motions**

The parties shall list all pending motions (other than separately filed Motions in Limine).

**6.    Stipulations of Fact and Evidence**

The parties shall list and describe any joint stipulation of the parties regarding facts and evidence which may be read or otherwise presented to the jury by the parties and treated as having been proved at trial. For example:

> *Stipulation of Fact*: The drug found in Defendant's vehicle weighed approximately one pound.

> *Stipulation of Evidence*: Bundles of drugs will be introduced as evidence at trial. There have been no breaks in the chain of custody between when the drugs were seized by law enforcement in this case and the date of trial.

**7.    Numbers of Witnesses and Exhibits**

The parties shall state the number of witnesses and exhibits to be offered at trial.

**8.    Estimated Length of Trial**

The parties shall propose the estimated amount of hours to be allocated for each stage of trial as follows:

> __ hours – Jury Selection

__ hours – Opening Statements

__ hours – Government's Case (including rebuttal)

__ hours – Defendant's Case

__ hours – Closing Arguments

__ hours – Total

**9.    Trial Dates**

The parties shall propose at least two blocks of trial dates within 60 days of the date of the Final Pretrial Conference. Trial will not be held on Mondays, and therefore no proposed start date should be a Monday.

**10.    Interpreter**

The parties shall state whether there will be a need for an interpreter at trial.

**11.    Prospects for Settlement**

The parties shall state the prospects for settlement, and whether this case will be resolved by a plea.

**12.    Procedures for Expediting Trial**

The parties shall discuss and report on all available procedures that might be used to expedite trial, including but not limited to: (A) presenting stipulated summaries of deposition testimony rather than reading deposition excerpts; (B) editing videotaped depositions to limit the amount of time required for presentation; (C) using summary exhibits in place of voluminous documentary evidence; (D) stipulations on authenticity and foundation; (E) presenting direct expert testimony through summary or written reports; (F) using the courtroom technology to expedite the presentation of evidence.

**13.    Additional Matters**

The parties shall address any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

## III.    NOTICES OF INTENT

*All* Notices of the Government's Intent to Use Evidence shall be filed and served *no later than* **ten (10) days** prior to the Final Pretrial Conference. Untimely notices are subject

to being summarily denied or stricken by the Court.

## IV.    MOTIONS IN LIMINE

The parties shall file and serve *all* Motions in Limine *no later than* **seven (7) days** prior to the Final Pretrial Conference. Responses to Motions in Limine are due *no later than* **four (4) days** prior to the Final Pretrial Conference. The motions and responses must be concise.  No replies shall be filed. Untimely motions are subject to being summarily denied or stricken by the Court.

Each motion in limine shall include the legal basis supporting it and the proposed language for the order in limine being sought from the Court. The proposed language shall state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence. The parties shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

## V.    SUBSTANTIVE MOTIONS

Any substantive motions, including those that may require an evidentiary hearing or an in-camera review of potential evidence, shall be filed no later than thirty (30) days before the Final Pretrial Conference.

## VI.    JURY PLEADINGS

The parties shall also *jointly* file with the Clerk of Court *no later than* **ten (10) days** before the Final Pretrial Conference, and email to Logan_Chambers@azd.uscourts.gov in Microsoft Word® format, *each* of the following:

**1.    Joint Stipulated Description of the Case**

The parties shall jointly file as a separate pleading a stipulated description of the case to be read to the jury.  If the parties have any disagreement about the statement, the party objecting shall state the reason for its objection below the statement and offer an alternative statement.

**2.    Joint Proposed Voir Dire Questions and Lists**

The parties shall jointly file as a separate pleading Joint Proposed Voir Dire. The parties shall use the Court's proposed set of voir dire questions in **Attachment A**, and

supplement them as appropriate. The parties shall place an asterisk (*) next to the questions added. Supplemental questions shall be drafted in a neutral manner. The parties shall be limited to proposing six (6) supplemental questions each, or twelve (12) questions in total.

In the section entitled "Witnesses and Third Parties" the parties shall *jointly list* the name of every witness who may be called at trial. (*See* Attachment A, Question 6.a.) The parties shall also *jointly list* the name of any third party *materially relevant to this case* (but who will not be called as a witness) whose relationship with a juror could affect their ability to serve fairly and impartially. (*See* Attachment A, Question 6.b.)

To the extent possible, the parties shall stipulate to the proposed voir dire questions. If the parties have any disagreement about a particular question, the party objecting shall state the reason for its objection below the question.

**3.      Joint Proposed Jury Instructions**

The parties shall jointly file as a separate pleading Joint Proposed Jury Instructions as follows.

*Form of Proposed Instructions*: The parties shall include the full text of each instruction with source citations, including model and standardized instructions. Each proposed instruction shall begin on a new page. The proposed instructions shall be set forth in two sections:

(A)  *Preliminary Instructions*: The parties shall set forth the preliminary instructions to be read to the jury before opening statements. The parties shall set forth the instructions in the order in which they propose them to be read to the jury.

(B)  *Final Instructions*: The parties shall set forth the final instructions to be read to the jury after closing arguments. The parties shall set forth the instructions in the order in which they propose them to be read to the jury. If either party seeks to have any preliminary instruction repeated as part of the final instructions, that instruction should be restated.

*Stipulated or Disputed*: At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed. If the instruction is disputed, the party proposing the instruction shall state its authority to support the requested instruction. The party opposing the instruction shall state all objections to such instruction immediately following the instruction and the opposing party's authority for such objection.  If the opposing party offers an alternative instruction, such alternative instruction shall immediately follow the opposing party's objection. The opposing party may *not* submit a new instruction on the topic rather than offer an alternative instruction to the proposing party's instruction.[2]

*Noncompliance*: Absent a showing of good cause, the failure to: (1) submit a proposed instruction; (2) follow these directions; or (3) make a timely objection as provided by this Order shall result in the instruction being refused or the objection being deemed waived.

### 4. Joint Proposed Forms of Verdict

The parties shall file as a separate pleading Joint Proposed Forms of Verdict. The proposed form of verdicts to be given to the jury at the end of the trial shall include any proposed special form of verdict form for an allegation of forfeiture where applicable. If the parties have any disagreement about the form of verdict, the party objecting shall state the reason for its objection below the proposed verdict and offer an alternative verdict.

## VII.  LISTS

Exhibit and Witness Lists shall be emailed to the Courtroom Deputy at Molly_Williams@azd.uscourts.gov *no later than* **seven (7) days** prior to trial. The parties shall complete and provide such lists in the manner prescribed in **Attachment B.**

## VIII.  COURT REPORTER INFORMATION

A "Joint Notice to Court Reporter" shall be emailed to Court Reporter at Elva_Cruz-Lauer@azd.uscourts.gov *no later than* **seven (7) days** prior to trial. The Notice

---

[2]     If the parties cannot agree who should be the proposing party, the default proposing party is the government.

shall contain the following information:

    1. *Trial Terms and Names*:

        a. Proper names, including those of witnesses;

        b. Acronyms;

        c. Geographic locations;

        d. Technical (including medical) terms, names or jargon;

        e. Case names and citations; and

        f. Pronunciation of unusual or difficult words or names;

    2. *Feed and Transcript*: Whether either party requests a real-time feed and/or daily transcript of trial proceedings; and

    3. *Deposition(s)*: Concordance from key depositions.

## IX.     EXHIBITS

Exhibits shall be delivered to the Courtroom Deputy *no later than* **48 hours** prior to trial.[3] Impeachment exhibits shall be delivered to the Courtroom Deputy on the **first day of trial** (not the day a witness testifies). A courtesy copy of the exhibits shall be provided to the Court at the time of the delivery of the trial exhibits. The parties shall mark, list, and deliver exhibits in the manner prescribed in **Attachment B**.

During trial, the parties shall advise the Courtroom Deputy in advance which exhibits will be needed for each witness. All exhibits shall be shown to opposing counsel before being offered.

## X.     DEPOSITIONS

Portions of depositions to be used at trial shall be delivered to the Courtroom Deputy no later than **48 hours** prior to trial. Depositions shall be submitted in the manner as prescribed in **Attachment B**.

---

[3] The parties shall be permitted to use Microsoft Powerpoint® presentations during their openings statements and closing arguments.

## ADVISAL - SETTLEMENT AND PLEA

The parties shall keep the Court informed of the possibility of settlement and, should settlement be reached, the parties shall promptly notify the Court. Any stipulated motion to continue the Final Pretrial Conference based upon the scheduling of a change of plea shall be filed *no less than* **seven (7) days** before the Final Pretrial Conference.

If the case pleads less than **four (4) days** before the scheduled trial date, a show cause hearing may be held to determine whether sanctions should be imposed against counsel for the untimely plea. Sanctions may include attorney's fees, the costs incurred by the Court's staff, and jury administrative costs.

Dated this 17th day of February, 2026.

Honorable Steven P. Logan
United States District Judge

**ATTACHMENTS**

Attachment A        Voir Dire Questions

Attachment B        Exhibit and Trial Material Instructions

Attachment B-1      Exhibit List Form

Attachment B-2      Witness List Form

Attachment B-3      Exhibit Cover Sheet

## ATTACHMENT A

### CRIMINAL VOIR DIRE QUESTIONS

1. <u>Statement of the Case</u>
   a. Have any of you read or heard anything about this case from any source whatsoever?
   b. Given this brief description of the facts, is there anything about this case that would cause you to believe that you could not consider the evidence fairly and impartially according to the law?

2. <u>Government</u>
   a. Counsel for the government please stand.
   b. The United States of America is represented by Name(s), Assistant United States Attorney.
   c. Do any of you know counsel, or the United States Attorney, or any of the employees in the United States Attorney Office on any basis, social, professional or otherwise?
   d. Counsel, please introduce your investigator.
   e. Do any of you know the investigator or any employees of his/her office on any basis, social, professional or otherwise?

3. <u>Defendant(s)</u>
   a. Defendant and Defendant's Counsel please stand.
   b. The Defendant in this case is Name. Defendant is represented by Firm/Federal Public Defenders Office.
   c. Do any of you know these individuals on any basis, social, professional or otherwise?
   d. Do any of you know any of the employees in counsel's office on any basis, social, professional or otherwise?

4. <u>Jurors</u>
   a. Did anyone among this jury panel know each other, or work together or serve

on jury panels together before assembling here today?

5. Time Qualify & Hardship

    a. I expect to conduct trial on these dates and times:

    b. Would the length of the trial create an undue hardship for any of you?

    c. Does anyone have any problem with vision, hearing, or anything that would cause you to have difficulty from observing and sitting for long periods of time?

    d. Do any of you have any other physical difficulty, health problems, or home problems that might interfere with your ability to serve as a juror in this case?

6. Witnesses and Third Parties

    a. During the trial of this case, witnesses may be called to testify on behalf of the parties. Do any of you know or have you ever heard of any of these people?

    b. Do any of you know or have you ever heard of any of these people?

        (1) (If response is yes) Would your knowledge or experience with any of these parties or organizations affect your ability to serve fairly and impartially in this case?

7. Relevant Past

    a. Have you or any members of your family, including brothers, sisters, parents or children, ever been the victims of criminal conduct?

        (1) (If response is yes) Please explain including what the incident was, what police agency investigated, did you have to make a statement, and was the responsible party apprehended?

        (2) (If response is yes) Do you think this experience would prevent you from being fair and impartial in this case?

    b. Have you or any members of your family ever been convicted of a felony?

        (1) (If response is yes) Which family member, what offense, and what was the disposition?

        (2) (If response is yes) Do you think this experience would prevent you from being fair and impartial in this case?

c.  Have you or any members of your family ever served in the capacity of law enforcement officer? By law enforcement officer, I am including not only police officers, but also employees of law enforcement agencies, military police, ICE, border patrol, DEA, ATF, etc.

(1) (If response is yes) Do you think this relationship would prevent you from being fair and impartial in this case?

d.  Have any of you or members of your family been a party or witness in any litigation (excluding domestic relations, traffic, or probate)?

(1)  (If response is yes) Do you think this experience would prevent you from being fair and impartial in this case?

8.  Personal Views

a.  There will be witnesses called during this trial who are members of law enforcement and who may have been in that profession for a number of years. Do any of you feel that their testimony must be given greater or lesser weight solely because of their employment and experience in law enforcement?

b.  Some of the participants in this trial are ethnic minorities.  Has anyone had any contact or experience with ethnic minorities which would make it difficult to render a fair and impartial verdict in this matter?

9.  Legal Knowledge and Application

a.  Do any of you or any of the members of your family have any legal training?

(1) (If response is yes) Do you think this would prevent you from being fair and impartial in this case?

b.  I will instruct you on the law at the conclusion of the case.  If selected as a juror, you will take an oath to follow the law. Do any of you think you would have trouble following the law if you disagree with it?

c.  If selected as a juror, would any of you have trouble rendering a verdict based solely on the evidence presented during the trial, setting aside any personal beliefs, opinions, or biases you might have?

    d.  In a civil case the burden of proof is a preponderance of the evidence. This is a criminal case in which the government must prove guilt beyond a reasonable doubt. Does anyone have any difficulty in holding the government to its burden?

    e.  Here are some fundamental principles of law:

        (1) The fact that an indictment has been filed raises no presumption whatsoever of the guilt of the defendant.

        (2) The United States government must satisfy you beyond a reasonable doubt of the guilt of the defendant.

        (3) The defendant does not have any obligation to testify or to produce any evidence and you may not draw an adverse inference if the defendant chooses not to testify.

        (4) The defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt.

        (5) You must wait until all of the evidence has been presented before making up your minds as to the innocence or guilt of the defendant.

    f.  Does anyone believe that they would have any difficulty following these principles of law?

10. Easel Questions

    a.  Starting with Juror Number One, please stand and answer the questions.

        (1) Juror number

        (2) The general location of your residence

        (3) Length of time at current residence

        (4) Education after high school, if any.  State your major

        (5) Marital status

        (6) Number of children.  Ages of children if under 18

        (7) Employment

            Yourself – current job and types of jobs throughout lifetime

            Spouse – current job and types of jobs throughout lifetime

(8) Prior jury service – civil or criminal

11. <u>Final Questions</u>

    a. Does anyone have any other reason whatsoever that they believe will preclude him or her from serving as a fair and impartial juror in this case?

    b. Counsel for the government, do you have any further questions at this time?[4]

    c. Counsel for the defendant, do you have any further questions at this time?

12. <u>Private Questions</u>

    a. If a juror wishes to answer a question privately, the juror will be requested, by number, to remain in the courtroom during recess.

---

[4] At this stage, the parties may only ask follow-up questions to the responses generated by the jurors. In other words, counsel may not propound new questions to the entire panel (e.g., "do any of you" or "has anyone…"). If there are new questions to be addressed that were not previously submitted to the Court, the parties may request permission by sidebar.

**ATTACHMENT B**

**EXHIBIT AND TRIAL MATERIAL INSTRUCTIONS**

**THE PARTIES ARE RESPONSIBLE FOR THE MARKING AND LISTING OF EXHIBITS, NOT THE COURTROOM DEPUTY, AND DELIVERY OF EXHIBITS AND OTHER TRIAL MATERIALS AS FOLLOWS.**

**1.    Delivery**

As set forth by the Order Setting Final Pretrial Conference, trial exhibits and deposition transcripts shall be delivered to the Courtroom Deputy no later than **48 hours** prior to trial. The parties shall arrange a time with the Courtroom Deputy for the delivery of the trial materials. The Courtroom Deputy may be contacted as follows:

*Courtroom Deputy*: Molly Williams

*Phone*: (602) 322-7204

*Email*: Molly_Williams@azd.uscourts.gov

**2.    Exhibit Lists**

As set forth in the Order Setting Final Pretrial Conference, exhibit lists shall be emailed to the Courtroom Deputy no later than **seven (7) days** prior to trial. At the time of delivery of the exhibits, the parties shall provide the Courtroom Deputy with one (1) original and two (2) copies of the exhibit list(s). The parties shall not provide the Courtroom Deputy with a copy of the Final Pretrial Order in lieu of the exhibit list.

Exhibits may be listed on the exhibit list attached or in a Microsoft Word® document that mirrors the same format. Be sure to leave enough space to add additional information, such as subparts and additional exhibits.  Each page shall be completed to the end or finished with blank blocks. Extra blank pages for the exhibit lists should also be provided. The exhibit number and description should start the top of each block. *Use brief descriptions*.

**3.    Witness Lists**

As set forth in the Order Setting Final Pretrial Conference, witness lists shall be emailed to the Courtroom Deputy no later than **seven (7) days** prior to trial. At the time of

delivery of the exhibits, the parties shall also provide the Courtroom Deputy with one (1) original and two (2) copies of the witness list(s). The parties shall not provide the Courtroom Deputy with a copy of the Final Pretrial Order in lieu of the witness list.

Witnesses may be listed on the witness list attached or in a Microsoft Word® document that mirrors the same format.  Provide the full name of each witness and list them in alphabetical order. Names should be at the top of the block and extra spaces provided at the end of the list.  Extra blank pages for the witness lists should also be provided.

**4.      Numbering of Exhibits**

The parties shall number the exhibits. Court time will not be used for the marking of exhibits and failure to comply with this directive will result in exhibits being remarked by the parties. The parties shall consult with one another prior to marking exhibits to *avoid marking duplicates* as set forth in the Order Setting Final Pretrial Conference. If Plaintiff marks a document, Defendant should not mark the same document. The exhibits are considered court exhibits, not Plaintiff or Defendant exhibits. Either side may move the other's exhibits into evidence.

Blocks of numbers are assigned to each side: Plaintiff begins with number 1 through the estimated number of exhibits.  Defendant begins with numbers following Plaintiff's block of numbers (e.g., Plaintiff 1 - 80; Defendant 100 - 150). The blocks of numbers should allow space for additional exhibits marked during trial. Please contact the Courtroom Deputy to arrange number block assignments.

The parties should only use numbers when identifying subparts of exhibits (e.g., subparts of Exh. No. 3: 3-1, 3-2, 3-3). Blocks of numbers may be used to categorize exhibits (e.g., series 1 - 99 are bank records; series 100 - 199 are tax returns; series 200 - 299 are photographs; etc.). Categorizing exhibits should be kept as simple and clear as possible. In bulky documents, BATES stamp numbers may be placed on each page in the bottom right corner and can be continuously numbered for easy reference.

**5.      Use of Exhibit Cover Sheets and Labels**

The parties shall use the exhibit cover sheet attached to affix to each exhibit. The parties shall print the exhibit cover sheets on colored paper; Plaintiff cover sheets should be **Yellow**, and Defendant cover sheets should be **Blue**. The exhibit cover sheet shall be stapled to the top of the original exhibit, and the exhibit shall be placed in a manila file folder numbered to correspond with the exhibit number. Prepare extra cover sheets to use for exhibits marked during trial.

If the paper exhibit is too large to staple, use a 2-hole fastener to fasten the exhibit together at the top of the page, with an exhibit cover sheet attached to the front of the exhibit. If the exhibit is a photograph or item smaller than 8" x 10", staple it to an exhibit cover sheet or place an exhibit label on the reverse side, lower right-hand corner. Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or may be marked in a logical location on the item or on the plastic bag containing the item. Large diagrams, charts, drawings, and other demonstrative or visual evidence should be identified in the lower right-hand corner with an exhibit label. If the item is an enlargement of another marked exhibit, it should be numbered as a subpart of the smaller exhibit. If exhibit labels are required, the parties shall request them from the Courtroom Deputy no less than *five (5) days* prior to trial. As with exhibit cover sheets, Plaintiff labels should be **Yellow**, and Defendant labels should be **Blue**.

**6.      Use of Folders and Boxes**

Place exhibits loosely in manila file folders so that the exhibits may be pulled out of the folder during trial. Do *not* attach the exhibit to the manila file folder.  Label the top of the folder to identify the exhibit number. Provide extra folders to the Courtroom Deputy for exhibits marked during trial.   Place the exhibit folders in a box in numerical order. Mark the outside of the box to indicate which exhibits are contained within it.  Leave room in the box for any extra exhibits that may be submitted during trial. *Do not place trial exhibits in binders.*

**7.    Stipulated Exhibits**

**THE PARTIES MAY AGREE TO THE ADMISSION OF EXHIBITS BEFORE TRIAL.  THE PARTIES SHALL INDICATE WHICH EXHIBITS THE PARTIES STIPULATE TO BE MARKED AS ADMITTED INTO EVIDENCE BY PLACING AN "X" IN THE COLUMN ENTITLED "STIPULATED' NEXT TO THE CORRESPONDING EXHIBIT ON THE EXHIBIT LIST ATTACHED.**

**8.    Redacted Exhibits**

**ANY REDACTIONS TO THE EXHIBITS SHALL BE COMPLETED BY THE PARTIES PRIOR TO TRIAL.  IF DURING THE COURSE OF TRIAL REDACTIONS ARE NECESSARY, IT IS THE RESPONSIBILITY OF THE PARTIES TO IMMEDIATELY PROVIDE PROPERLY REDACTED VERSIONS TO THE COURTROOM DEPUTY.**

**9.    Impeachment Exhibits**

As set forth in the Order Setting Final Pretrial Conference, impeachment exhibits shall be delivered to the Courtroom Deputy on the **first day of trial** *in a sealed envelope*. Each envelope should be marked with: (1) the caption of the case; (2) case number; and (3) the party presenting the exhibit. If there is more than one impeachment exhibit, each sealed envelope should be marked with a separate alphabetical letter for easy retrieval (e.g., A, B, C) and the Courtroom Deputy will assign it the next available trial exhibit number if used at trial. The offering party shall be prepared to provide the Courtroom Deputy with a brief identifying description of the exhibit when offered at trial.

The parties are cautioned that if an exhibit has value *in addition* to impeachment, it is not an impeachment exhibit and must be marked, listed, and delivered in the manner prescribed for non-impeachment exhibits.

**10.    Depositions**

The party offering a deposition or a portion of a deposition shall provide a certified copy of the transcript in accordance with the federal rules. As set forth in the Order Setting Final Pretrial Conference, portions of depositions to be used at trial shall be delivered to

the Courtroom Deputy no later than **48 hours** prior to trial.  Depositions are *not* to be marked as exhibits. Depositions shall be placed in alphabetical order at the time they are delivered to the Courtroom Deputy. The parties shall not offer depositions wholesale, but shall provide only relevant, redacted portions of the transcript and always in accordance with Rule 32 of the Federal Rules of Civil Procedure. Any objections to offered depositions shall be made as a motion in limine.

**11.     Sensitive Exhibits**

At trial, the Courtroom Deputy will not take custody of any sensitive exhibits. During lengthy breaks and at close of the day, these exhibits are returned to the parties until court resumes.

**12.     Return of Exhibits**

All exhibits are returned to the respective parties for custody at the conclusion of trial pending all appeals unless otherwise ordered by the Court. If a Notice of Return of Exhibits is issued and the exhibits are not retrieved within thirty (30) days, the exhibits may be subject to destruction or otherwise disposed of.

**13.     Courtroom Technology**

The parties are encouraged to use the document camera or any other audio and video equipment available in the courtroom for presentation of evidence during trial. Should the parties have questions or wish to test courtroom equipment, they should contact the Courtroom Deputy, at (602) 322-7204, but must do so no later than **two (2) weeks** prior to trial. Information regarding the use of courtroom technology can be found on the District Court's website under "Electronic/Video Courtroom Equipment Information – Phoenix," located at http://www.azd.uscourts.gov/judges/judges-orders.

**14.     Courtesy Copies for Judge**

**Exhibits**: A courtesy copy of trial exhibits should be provided to the Judge at the time of the delivery of the trial exhibits. Exhibits should be placed in 3-ring binders with numbered tabs to correspond with the exhibit numbers. The Judge's copies should *not* have original exhibit covers sheets on them. The parties should also provide the Judge with a

CD-ROM disc or USB flashdrive containing an electronic copy of paper exhibits offered.

**Impeachment Exhibits**: A courtesy copy of impeachment exhibits for the Judge should also be provided to the Courtroom Deputy. The courtesy copy of an impeachment exhibit should be provided in a sealed envelope and marked "courtesy copy" along with an alphabetical letter for easy retrieval (e.g., A, B, C).

**Depositions**: The Judge should be provided with a courtesy copy of any deposition to be used at trial. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one (1) copy of such deposition shall be provided. Plaintiff shall highlight in Yellow the portions it wishes to offer, and Defendant shall highlight in Blue the portions it wishes to offer.